[Cite as *State v. Zepernick*, 2021-Ohio-719.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## COLUMBIANA COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

BRANDON J. ZEPERNICK,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 20 CO 0008**

---

Criminal Appeal from the
Court of Common Pleas of Columbiana County, Ohio
Case No. 19 CR 121

**BEFORE:**
Carol Ann Robb, Gene Donofrio, David A. D'Apolito, Judges.

**JUDGMENT:**
Affirmed.

*Atty. Vito Abruzzino, Prosecutor, Atty. Alec. Beech, Assistant Prosecutor, 105 South Market Street, Lisbon, Ohio 44432, for Plaintiff-Appellee* and

*Atty. John Jurco, P.O. Box 783, St. Clairsville, Ohio 43950 for Defendant-Appellant.*

Dated: March 4, 2021

**Robb, J.**

**{¶1}** Defendant-Appellant Brandon Zepernick appeals the decision of Columbiana County Common Pleas Court denying his suppression motion. For the reasons, expressed below, the trial court's decision is affirmed.

Statement of the Facts and Case

**{¶2}** On September 15, 2018 Appellant was driving a silver Pontiac in Salem, Ohio; the owner of the vehicle, Cheyenne Taylor, was a passenger. Salem Patrolman Perry initiated a stop of the vehicle after observing Appellant three times fail to use his turn signal 100 feet prior to turning. The Patrolmen asked the driver, Appellant, to step out of the vehicle for a canine sniff. Due to the inoperability of the driver side door, Appellant climbed out the driver side window. Upon climbing out, Patrolman Perry noticed a large knife holster on Appellant's belt. Patrolman Young, who responded to assist Patrolman Perry, patted Appellant down for weapons.

**{¶3}** The canine sniff was performed; the dog gave a positive indication of narcotic odor in the vehicle. When an officer search of the vehicle was performed, no drugs were found.

**{¶4}** While the canine sniff and officer search was occurring, Appellant was asked about the location of the knife. Appellant stated it was wedged between the driver seat and center console. Appellant was then advised that having the knife in the holster and/or in that position in the vehicle constituted carrying a concealed weapon; Appellant stated he did not have a CCW permit. Patrolman Perry located the knife in the location Appellant indicated; it was a fixed six-inch blade knife. Appellant was then placed under arrest for CCW. Patrolman Young searched Appellant again. He explained that when a person is arrested a full search of the person is performed; he checks shoes, pant legs, and groin area. 10/18/19 Suppression Hearing Tr. 13. In conducting the search of Appellant, when Patrolman Young lifted the left pant leg, he observed a blue straw sticking out of Appellant's boot, in the sock area. 10/18/19 Suppression Tr. 14. The blue straw had white residue inside it.

Case No. 20 CO 0008

**{¶5}** Appellant was charged with CCW and drug paraphernalia. The straw was then sent to BCI for testing; the test confirmed the white residue was methamphetamine.

**{¶6}** Appellant was indicted for possession of methamphetamine in violation of R.C. 2925.11(A), a fifth-degree felony. 3/13/19 Indictment. Appellant filed a suppression motion arguing the removal of his shoes for the search was in direct violation of the Seventh District Court of Appeal's decision *State v. Chapman*. 9/26/19 Motion to Suppress.

**{¶7}** Following the suppression hearing, the trial court denied the motion finding the search resulting in the discovery of the straw was a search incident to a lawful arrest. 10/18/19 Suppress Hearing; 10/29/20 J.E. Accordingly, the search did not violate the Fourth Amendment or *Chapman*, which involved a probable cause search, and was distinguishable from the case at hand. 10/29/20 J.E.

**{¶8}** Appellant then entered a no contest plea preserving his right to appeal the suppression ruling. 12/18/19 Plea Hearing; 12/24/19 J.E.

**{¶9}** Appellant failed to appear at the first scheduled sentencing hearing and a bench warrant was issued. 2/28/20 J.E. Sentencing occurred via video conferencing on May 6, 2020. The trial court imposed a nine-month sentence and informed Appellant upon his release he could be subject to up to three years of postrelease control. 5/6/20 Sentencing Hearing Tr. 11; 5/6/20 J.E. At the conclusion of the sentencing hearing, Appellant expressed his desire to appeal and requested a stay of his sentence pending appeal. 5/6/20 Sentencing Hearing Tr. 13. The trial court denied his request. 5/6/20 Sentencing Hearing Tr. 13.

**{¶10}** Appellant timely appealed. 5/7/20 Notice of Appeal. He asked this court to stay his sentence pending appeal, which we denied. 9/24/20 J.E.

<u>Assignment of Error</u>

"The trial court erred in denying the Appellant's motion to suppress."

**{¶11}** "Appellate review of a motion to suppress presents a mixed question of law and fact." *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. At a suppression hearing, "the trial court is best able to decide facts and evaluate the credibility of witnesses." *State v. Mayl*, 106 Ohio St.3d 207, 2005-Ohio-4629, 833 N.E.2d 1216, ¶ 41. The trial court's findings of fact, if supported by competent, credible evidence,

are to be accepted and a reviewing court must make an independent determination as to whether they satisfy the relevant legal standard. *Id.*

**{¶12}** Appellant argues the trial court incorrectly denied his request to suppress the blue straw containing methamphetamine residue that was found in his boot area during the search of his person. He contends his Fourth Amendment rights against unreasonable searches and seizures were violated. Although he acknowledges he was searched incident to a lawful arrest, he likens the facts of this case to the facts of our *Chapman* decision. *State v. Chapman,* 7th Dist. Belmont No. 18 BE 0004, 2019-Ohio-3339. He further contends that the search exceeded what was allowable under the search incident to a lawful arrest exception.

**{¶13}** The Fourth Amendment to the United States Constitution protects individuals from unreasonable searches and seizures. *Terry v. Ohio*, 392 U.S. 1, 8, 88 S.Ct. 1868 (1968). "The touchstone of the Fourth Amendment is reasonableness." *Florida v. Jimeno*, 500 U.S. 248, 250, 111 S.Ct. 1801 (1991). Whether a stop and/or search is reasonable under the Fourth Amendment depends upon the particular facts and circumstances, viewed objectively by examining the totality of the circumstances. *State v. Leak*, 145 Ohio St.3d 165, 2016-Ohio-154, 47 N.E.3d 821, ¶ 14.

**{¶14}** Evidence obtained through a warrantless search, with a few exceptions, is per se unreasonable. *Leak* at ¶ 15, citing *Arizona v. Gant,* 556 U.S. 332, 338, 129 S.Ct. 1710, (2009), citing *Katz v. United States,* 389 U.S. 347, 357, 88 S.Ct. 507 (1967). One exception is the search incident to a lawful arrest. *Leak* at ¶ 16. "This exception has two rationales: officer safety and 'safeguarding evidence that the arrestee might conceal or destroy.'" *Leak* at ¶ 16, quoting *State v. Adams*, 144 Ohio St.3d 429, 2015-Ohio-3954, 45 N.E.3d 127, ¶ 182, citing *Gant* at 338-339.

**{¶15}** In order for there to be a lawful arrest there must be probable cause to arrest. *State v. Robinson,* 9th Dist. Wayne No. 10CA0022, 2012-Ohio-2428. The test for probable cause to arrest without a warrant is whether "the facts and circumstances known to the officer warrant a prudent man in believing the offense has been committed." *State v. Perez,* 124 Ohio St.3d 122, 920 N.E.2d 104, 2009–Ohio–6179, ¶ 73, quoting *Henry v. United States,* 361 U.S. 98, 102, 80 S.Ct. 168 (1959).

{¶16} There is no dispute in this case that the knife constituted a concealed weapon; the arrest for carrying a concealed weapon was a lawful arrest. The issue in this case is whether the search occurring incident to the arrest was overreaching.

{¶17} As stated above, Appellant likens this case to our recent decision in *Chapman*. In *Chapman*, it was conceded there was probable cause for the initial traffic stop. *State v. Chapman*, 7th Dist. Belmont No. 18 BE 0004, 2019-Ohio-3339, ¶ 8. Chapman was the passenger in the vehicle. *Id*. at ¶ 8. Upon approaching the vehicle, the officer noticed Chapman's pants were unzipped; the officer also indicated that Chapman had leaned very far down to the floorboard of the vehicle as the officer approached. *Id*. at ¶ 9-10. A canine sniff was performed and detected narcotics. *Id*. at ¶ 16-19. Chapman was asked to exit the vehicle. *Id*. at ¶ 21. Upon exiting, the officer noticed Chapman's pant leg was tightly tucked into his shoes. *Id*. This along with the unzipped pants and movements in the vehicle, raised suspicion by the officer that Appellant was hiding drugs. *Id*. at ¶ 21-22. The officer then asked Chapman to remove his shoes; the officer admitted he was not searching for a weapon in Chapman's shoes. *Id*. at ¶ 23. Cocaine and heroin were found in Chapman's shoe. *Id*. at ¶ 24. At the suppression hearing, the state conceded the search of Chapman exceeded the scope of a *Terry* stop. *Id*. at ¶ 26. The state argued, however, there was probable cause for the warrantless search of Chapman's shoes. *Id*. The trial court agreed that there was probable cause for the search of the shoes. *Id*. at ¶ 28. That decision was appealed to our court.

{¶18} On appeal, Chapman argued that while a pat down of his person was permitted, the search of his shoes was not. We agreed explaining a canine alert alone is insufficient to establish probable cause to conduct a full search of the occupants in a vehicle. *Id*. at ¶ 60. The alert, however, is one factor in the probable cause determination. *Id*. Acknowledging the officer's experience with hidden drugs on a person and the fact that the canine alert occurred after Appellant was searched, we explained there was no probable cause for the search:

> Appellant's unzipped pants and tucked pant leg, in light of Deputy's
> Carpenter's testimony and the canine alert, raised suspicion that Appellant
> may have been engaged in criminal activity. However, we find that these

facts would not lead a reasonably prudent person to conclude that Appellant's shoes probably contained evidence of a crime. While we agree with the parties that the pat-down search for weapons was valid, we find that the facts, considered in their totality, did not establish probable cause to conduct a full search of Appellant's person.

(Citation omitted.) *Id.* at ¶ 65.[1]

**{¶19}** *Chapman* is distinguishable from the case at hand. Appellant was searched after he was lawfully arrested; the search was a search incident to a lawful arrest. The search in *Chapman* was not a search incident to a lawful arrest; Chapman was not in custody at the time the search was conducted. The search in *Chapman* was argued to be a search based on probable cause and the exigent circumstances exception. The rationale and reasoning in *Chapman,* finding the search of the shoes was a violation of the Fourth Amendment is not applicable to this case; the issue in *Chapman* was not whether the search was permitted under a lawful arrest exception. Appellant's arguments concerning *Chapman* are meritless.

**{¶20}** As stated above, Appellant also argues the search incident to the lawful arrest exceeded what was allowable. He asserts the search could only be for weapons since he was arrested for carrying a concealed weapon. Since he was already patted down for weapons there was no basis to search him again.

**{¶21}** A search that is conducted pursuant to a search incident to arrest may extend to the personal effects of an arrestee. *State v. Smith,* 124 Ohio St.3d 163, 2009–Ohio–6426, 920 N.E.2d 949, ¶ 13. Police are not limited to a *Terry* pat-down for weapons when conducting a search incident to arrest; a full search of the arrestee's person for contraband or evidence of a crime is permitted. *State v. Todd*, 2d Dist. Montgomery No. 23921, 2011-Ohio-1740, ¶ 31; *State v. Gagaris*, 12th Dist. Butler No. CA2007–06–142, 2008–Ohio–5418, ¶ 16; *State v. Pinkelton,* 6th Dist. Lucas No. L–07–1170, 2008–Ohio–980, ¶ 30; *State v. Hobbs,* 8th Dist. Cuyahoga No. 85889, 2005–Ohio–3856, ¶ 12. The search may permissibly include containers found on the arrestee's person. *United States v. Robinson,* 414 U.S. 218, 223–24, 94 S.Ct. 467 (1973) (upholding search of closed

---

[1]One judge dissented stating she would find probable cause for the search and affirm the trial court's denial of the suppression motion.

cigarette package on arrestee's person); *State v. Jones,* 112 Ohio App.3d 206, 678 N.E.2d 285 (2d Dist.1996) (opening packages removed from arrestee's ankles to inspect their contents was a proper search incident to a lawful arrest). "The justification or reason for the authority to search incident to a lawful arrest rests quite as much on the need to disarm the suspect in order to take him into custody as it does on the need to preserve evidence on his person for later use at trial." *United States v. Robinson,* 414 U.S. 218, 234, 94 S.Ct. 467 (1973).

**{¶22}** Appellant was lawfully arrested. Therefore, the warrantless search of his person did not violate the Fourth Amendment. Although he was arrested for carrying a concealed weapon, the search was not limited to a search of his person for more weapons; search of his person for any evidence or contraband was permissible. *State v. Pinkelton,* 6th Dist. Lucas No. L–07–1170, 2008–Ohio–980, ¶ 30 (Appellant was lawfully arrested for eluding. The appellate court determined the full search of his person, including his shoes was permissible. The prints of the shoes were used in connection with a crime other than eluding.) *See also State v. Hobbs,* 8th Dist. Cuyahoga No. 85889, 2005–Ohio–3856, ¶ 13 (Hobbs was arrested for transporting drugs in a vehicle. During the search incident to a lawful arrest, the key to the vehicle console was found in Hobbs' shoe. A loaded firearm was found in the console. Hobbs was indicted for improperly handling a firearm in a vehicle. The trial court suppressed the firearm. That ruling was reversed on appeal.). A search incident to a lawful arrest requires no additional justification. *Robinson,* 414 U.S. at 235.

**{¶23}** Based on the above law, there was no basis to suppress the straw with methamphetamine residue. The sole assignment of error lacks merit. The trial court's decision is affirmed.

Donofrio, P. J., concurs.

D'Apolito, J., concurs.

_____

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Columbiana County, Ohio, is affirmed. Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**